## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANDREW DOUGLAS and**
**ROBERT LINDGREN,**
**Trustees and Co-Chairmen of the**
**GRAPHIC COMMUNICATIONS**
**NATIONAL HEALTH AND WELFARE FUND,**

     **Plaintiffs,**

**v.**

**CARLA KEEN,**

     **Defendant.**                     **Case No.  07-cv-452-DRH**

### <u>DEFAULT JUDGMENT</u>

**HERNDON, Chief Judge:**

     As Defendant has failed to answer or otherwise plead in response to Plaintiffs' Verified Complaint (Doc. 2), on July 25, 2007, the Clerk made an entry of default against Defendant (Doc. 11), pursuant to Plaintiffs' Motion for Entry of Default (Doc. 10), in accordance with **Rule 55(a)**.  Subsequently, Plaintiffs filed a Motion for Default Judgment (Doc. 12) against defendant Carla Keen, made pursuant to **Federal Rule of Civil Procedure 55(b)**, which is now before the Court.

     Plaintiffs seek a default judgment in their favor and against Defendant, granting an equitable lien in the amount of $13,308.85, including pre-and post-judgment interest, along with $10,642.52 in associated attorneys' fees and costs (Doc. 12).  Plaintiffs filed this suit under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), seeking both

injunctive and declaratory relief to enforce the terms of the Graphic Communications National Health and Welfare Fund (the "Fund") Summary Plan Description (the "Plan).  Plaintiffs, as Trustees and co-chairmen of the Fund, assert that they are "fiduciaries" with respect to the Fund (Doc. 2, ¶ 3).

On April 19, 2000, Defendant suffered injuries she believed were work-related, but her employer, Quebecor World Salem, LLC, disputed this fact.  The Fund, of which Defendant was considered an "eligible employee," reimbursed Defendant's health and medical benefits in the amount of $13,308.85 (*Id*. at ¶ 9).  Defendant proceeded to file a claim on May 12, 2000, under the Illinois Workers' Compensation Act for her April 19, 2000 injuries sustain during her employment with Quebecor (*Id*. at ¶ 10).  On September 8, 2000, Defendant signed a Subrogation Agreement, agreeing to reimburse the Fund "for medical benefits or any benefits paid as a result of an injury or illness if any recovery is made for the injury or illness" (*Id*. at ¶ 12, Ex. 2).  Further, the Fund's Plan contained a reimbursement and right of recovery provision, entitled "Third-Party Liability (Subrogation)" (*Id*. at ¶ 11).  This provision states, in pertinent part:

> The Plan has the right to be reimbursed for benefits paid or payable for you or your covered Dependent for an injury, illness, expense or loss caused by a third party.  When a Plan Participant or Dependent makes a damage claim against a third party or his or her uninsured or underinsured automobile policy, the Plan may assert a lien on the proceeds of that claim.  The Plain's lien will apply to any and all recoveries or to any right of recovery (whether by lawsuit, settlement or otherwise) for such claim.

(*Id*. at ¶ 11, *see also* Ex. 1.)

Plaintiffs claim that on October 5, 2005, Defendant recovered $92,656.16 in settlement of her workers' compensation claim from St. Paul Travelers Company; Plaintiffs did not learn of her award until April 2007 (*Id*. at ¶ 13, Ex. 3). Despite the signed agreement with Plaintiffs, Defendant has since refused to reimburse the Fund. The record shows that Defendant was served with Plaintiffs' Verified Complaint on July 2, 2007 (Doc. 9), but has failed to answer or otherwise plead in response. In addition to the amount of reimbursement, Plaintiffs claim they have incurred attorneys' fees in the prosecution of this action totaling $9,937.00 and costs totaling $705.02 (Doc. 12, ¶ 6).

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55.** "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)).** Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R.**

C**IV**. **P. 54(c)**.  Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment.  ***In re Catt***, **368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted).** Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party.  ***Id.***  Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

As Plaintiffs correctly argue, seeking to enforce their equitable lien over the funds dispersed to Defendant for her medical and health benefits, is considered "equitable relief" § 502(a)(3) of ERISA.  ***Sereboff v. Mid Atlantic Med. Serv., Inc.*, ___ U.S. ___, 126 S. Ct. 1869 (2006); *see also Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d 853 (S.D. Ill. 2006)**.  Thus, the Court finds Plaintiffs' allegations in their Verified Complaint (Doc. 2) to be well plead.  Further, as Plaintiffs also assert, the Court finds that an award of pre-judgment interest is generally favored in unjust enrichment ERISA cases in this Circuit.  ***Kraft Foods, Inc. Supplemental Benefits Plan I v. Woods*, No. 98 c 7794, 1999 WL 1069247 at *6 (N.D. Ill. Nov. 19, 1999)(citing *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 236 (7th Cir.1990))**.

In this case, upon a thorough review of the items submitted by Plaintiffs to support the amount of default judgment sought, the Court finds problem with one

item: the Affidavit of Karen I. Engelhardt (Doc. 13, Ex. B) does not have an attachment showing the itemization of attorneys' fees and costs incurred by the law firm of Allison, Slutsky & Kennedy, P.C., co-counsel for Plaintiffs.  The Affidavit of James I. Singer (Doc. 13, Ex. A) does contain such an itemized listing for the fees and costs incurred by the law firm of Schuchat, Cook & Werner, also co-counsel for Plaintiffs.  It is the Court's policy to require an itemized billing to substantiate a claim for an award of attorneys' fees, as such are not included in the allegations of the Complaint and are not, therefore, well-taken upon entry of default.

Therefore, the Court will **GRANT** the Motion for Default Judgment (Doc. 12), but will delay from entering judgment until it can determine the proper amount to award, at which time it will enter a Supplemental Order advising of the proper monetary amount to award as part of the default judgment.  Therefore, Plaintiffs are **ORDERED** to submit a supplemental Affidavit to substantiate the Engelhardt Affidavit, with an itemized listing for the fees and costs incurred by the law firm of Allison, Slutsky & Kennedy, P.C..  This supplemental Affidavit shall be filed by **Friday, October 12, 2007**, or else the Court shall not consider that portion in determining the award amount.

**IT IS SO ORDERED**.

Signed this 5th day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**