IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW DOUGLAS and
ROBERT LINDGREN,
Trustees and Co-Chairmen of the
GRAPHIC COMMUNICATIONS
NATIONAL HEALTH AND WELFARE FUND,

    **Plaintiffs,**

v.

**CARLA KEEN,**

    **Defendant.**                                                                   Case No.  07-cv-452-DRH

## SUPPLEMENTAL ORDER OF DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

    As Defendant has failed to answer or otherwise plead in response to Plaintiffs' Verified Complaint (Doc. 2), on July 25, 2007, the Clerk made an entry of default against Defendant (Doc. 11), pursuant to Plaintiffs' Motion for Entry of Default (Doc. 10), in accordance with **Rule 55(a)**.  Subsequently, Plaintiffs filed a Motion for Default Judgment (Doc. 12) against defendant Carla Keen, made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**.  In an Order dated October 5, 2007 (Doc 14), the Court granted Plaintiffs' Motion for Default Judgment (Doc. 12), but took issue with the Affidavit of Karen I. Engelhardt (Doc. 13, Ex. B), used to substantiate the claimed attorneys' fees and costs incurred by the law firm of Allison, Slutsky & Kennedy, P.C., co-counsel for Plaintiffs.  Thus, the Court delayed

entry of judgment until it would be able to determine the proper award amount. The Court ordered Plaintiffs to file a supplemental Affidavit to substantiate the Engelhardt Affidavit, with an itemized listing for the fees and costs incurred by the law firm of Allison, Slutsky & Kennedy, P.C. In response, Plaintiffs have filed their Supplemental Affidavit of Karen Engelhardt (Doc. 18). The Supplemental Affidavit includes attachments showing itemized billings and costs, which the Court finds to properly support Plaintiffs' request for attorneys' fees and costs.

Plaintiffs additionally seek an award of pre-judgment and post-judgment interest on the judgment for an equitable lien. Courts have discretion in deciding whether to award pre-judgment interest in ERISA cases. **See Trustmark Life Ins. Co. v. Univ. of Chicago Hosps., 207 F.3d 876, 885 (7th Cir. 2000)("Prejudgment interest is designed not only to fully compensate the victim, but also to prevent unjust enrichment.")(citing *Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 236-37 (7th Cir. 1990)**. Thus, the decision of pre-judgment interest is made by "balancing the equities," examining whether the moving party acted in good faith. ***Id.* (quoting *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir.1995))**.

In this case, the Court finds no reason to find that Plaintiffs' claims were not brought in good faith, and in its discretion, awards pre-judgment interest on the judgment for an equitable lien. Therefore, per the Court's previous Order (Doc. 14) granting default judgment in favor of Plaintiffs, pursuant to **FEDERAL RULE OF CIVIL**

**PROCEDURE 55(b)(2)**, this Supplemental Order hereby **AWARDS** Plaintiffs the following: an equitable lien against defendant Carla Keen, in the amount of $13,308.85, to include both pre and post-judgment interest, and $10,642.52 in associated attorneys' fees and costs.

**IT IS SO ORDERED**.

Signed this 23rd day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**